## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ZURINA GARCIA, Individually, and on
Behalf of All Others Similarly Situated,**

     **Plaintiffs,**

**v.**                            **Case No.: 8:16-cv-01193-SCB-TBM**

**DÉJÀ VU SHOWGIRLS OF TAMPA,
LC, a Florida Limited Company, HARRY
MOHNEY, an individual, and MARK
FIGUEROA, an individual,**

     **Defendants.**

_____/

### DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS THE PROCEEDINGS, TO STAY DISCOVERY PENDING DETERMINATION OF THE MOTION AND FOR ATTORNEY FEES AND COSTS WITH <u>INCORPORATED MEMORANDUM OF LAW</u>

Defendants, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, a Florida Limited Company, HARRY MOHNEY, an individual, and MARK FIGUEROA, an individual, by and through the undersigned counsel, hereby file this Motion pursuant to Local Rule 3.01, Rules 12(b)(1), (2), (3), (6) and (7) of the Federal Rules of Civil Procedure ("FRCP"), and pursuant to Sections 2 and 4 of the Federal Arbitration Act ("FAA"), to compel arbitration of the Complaint and Demand for Jury trial filed by ZURINA GARCIA, on her own behalf and others similarly situated (the "Amended Complaint," ECF No. 20), to dismiss or stay the proceedings, to dismiss the Amended Complaint for lack of subject matter jurisdiction, to stay discovery pending determination of this motion, and to award attorney's fees and costs, and would state as follows:

1. This action involves a very generalized three count Complaint, seeking to recover compensation for the hours they worked for which they were not paid at the federally

1

mandated minimum wage rate and unpaid overtime compensation, for Plaintiffs and a proposed class of current and former exotic entertainers who worked at Déjà Vu Showgirls at any time during the three (3) year period before the Complaint was filed, and elicits general comments as to those "similarly situated," asserting that Plaintiffs and proposed class members were employees of Defendants, and thus entitled to minimum wage under a variety of theories.

2. The Complaint asserts allegations regarding purported applicability of the FLSA and related Florida State Law, and says the Plaintiffs were exotic entertainers and/or dancers for an undetermined period of time, with allegations of unpaid wages and overtime incorporated in the Amended Complaint.

3. The Defendant categorically denies all allegations in the Complaint, including those regarding the character of the business relationship that performer(s) have with Defendants, however, the facts and allegations set forth in the Complaint, as it pertains to the named Plaintiffs, is subject to the enforcement of an agreement, a copy of which is attached hereto, which requires that the Court compel arbitration for Plaintiffs, in accordance with the terms of the Agreement described below.

4. Based on the desire to fully and fairly establish the exact relationship between the Club and the performers, performers are invited to review and execute documents, the most recent version setting forth the "selection" of being classified as a "performer," *not* an employee, and Club/Performer Contracts containing an agreement to arbitrate.

5. On April 22, 2016, Leslie Volk, filed a Consent to Become a Party Plaintiff (ECF No. 4).

6. Attached hereto is a Copy of the 2013 CLUB/PERFORMER CONTRACT, signed by Plaintiff Zurina Garcia on February 13, 2013, which contains an arbitration clause. Plaintiff Garcia's

Agreement is attached hereto and incorporated herein as Exhibit "A." The Arbitration provision, located at the bottom right of the first page of the contract, where the Plaintiff initialed her acceptance thereof, states:

> **ARBITRATION: All disputes between the parties, whether statutory, contractual or tort, shall be decided by binding arbitration, shall be pursuant to the Federal Arbitration Act, and shall be before a neutral arbitrator agreed upon by the parties. Either party may demand an expert in the adult industry. The arbitrator shall be permitted to award any relief available in a Court. Owner shall pay any cost required by law, including costs incurred in enforcing this this term. Any award may be entered as a judgment in any court having jurisdiction. An arbitrator may not consolidate more than one person's claims, and may not preside over any form of representative or class proceeding.**

7. Attached hereto is a Copy of the 2014 CLUB/PERFORMER CONTRACT, signed by Plaintiff Zurina Garcia on April 26, 2014, which contains an arbitration clause. Plaintiff Garcia's Agreement is attached hereto and incorporated herein as Exhibit "B." Plaintiff Volk's Agreement was signed on August 8, 2014, and is attached hereto and incorporated herein as Exhibit "C." Both Club/Performer Contracts are similar and contain the same language. The Arbitration provision, located in Section VI, Paragraph 6, states:

> **ARBITRATION: All disputes between the parties, whether statutory, contractual or tort, shall be decided by binding arbitration, shall be pursuant to the Federal Arbitration Act, and shall be before a neutral arbitrator agreed upon by the parties. Either party may demand an expert in the adult industry. The arbitrator shall be permitted to award any relief available in a Court, including fees and costs for enforcing this term. The costs of arbitration shall be borne equally by performer and owner unless the arbitrator concludes that a different allocation is required by law. Any award may be entered as a judgment in any court having jurisdiction. An arbitrator may not consolidate more than one person's claims, and may not preside over any form of representative or class proceeding. NOTE: some agency claims may not be subject to arbitration.**

8. Attached hereto is a Copy of the 2015 CLUB/PERFORMER CONTRACT, signed by Plaintiff Zurina Garcia on February 12, 2015, which contains an arbitration clause. Plaintiff Garcia's Agreement is attached hereto and incorporated herein as Exhibit "D." Plaintiff Volk's

Agreement was signed on February 19, 2015, and is attached hereto and incorporated herein as

Exhibit "E." Both Club/Performer Contracts are similar and contain the same language.

Finally, as if there were any remaining questions as to the applicability of the requirement to

refer this matter to arbitration, the third contract signed by the Plaintiffs, states:

> **<u>BINDING ARBITRATION</u>: ALL DISPUTES ARISING AT ANY TIME BETWEEN THE PARTIES, WHETHER STATUTORY, CONTRACTUAL OR TORT, SHALL BE DECIDED BY BINDING ARBITRATION, HELD PURSUANT TO THE FEDERAL ARBITRATION ACT, AND SHALL BE BEFORE A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES. <u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH DISPUTES IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY</u>. EITHER PARTY MAY DEMAND AN EXPERT IN THE ADULT INDUSTRY. SUBJECT ONLY TO THE PROVISIONS IN THIS PARAGRAPH AND IN PARAGRAPH VI (7). THE ARBITRATOR SHALL BE PERMITTED TO AWARD ANY RELIEF AVAILABLE IN A COURT. THE COSTS OF ARBITRATION SHALL BE BORNE EQUALLY BY PERFORMER AND OWNER UNLESS THE ARBITRATOR CONCLUDES THAT A DIFFERENT ALLOCATION IS REQUIRED BY LAW. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE INTERPRETATION, VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISIONS IN THIS PARAGRAPH VI (6). ANY AWARD MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION. AN ARBITRATOR MAY NOT CONSOLIDATE MORE THAN ONE PERSON'S CLAIMS, AND MAY NOT PRESIDE OVER ANY FORM OF REPRESENTATIVE, CLASS, OR COLLECTIVE PROCEEDING. NOTE: SOME AGENCY CLAIMS MAY NOT BE SUBJECT TO ARBITRATION SHOULD EITHER PARTY CHALLENGE, OR BE REQUIRED TO INITIATE PROCEEDINGS TO ENFORCE, THE ARBITRATION REQUIREMENTS OF THIS PARAGRAPH VI (6). THE PREVAILING PARTY TO SUCH CHALLENGE/ENFORCEMENT PROCEEDING SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEYS FEES, INCURRED IN LITIGATING SUCH ISSUES. THIS PARAGRAPH SHALL SURVIVE TERMINATION, EXPIRATION, OR CANCELLATION OF THIS CONTRACT. THE PROVISIONS OF THIS PARAGRAPH SUPERCEDE ANY PRIOR ARBITRATION AGREEMENT.**

9. Pursuant to the Federal Arbitration Act ("FAA")

> "[a] written provision in any...contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract... or agreement in writing to submit to arbitration an existing controversy arising out of such a contract... shall be valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

10.   If an action is filed in federal court involving an issue that is subject to an agreement for arbitration, the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

11.   In the present case, Plaintiffs agreed to binding arbitration, which requires either a stay, or, in the alternative, a dismissal of this action.

12.   The arbitration clauses described above in this case are clearly applicable to any of the causes of action brought in connection with any aspect of the relationship between Plaintiffs and Defendants, thus the Defendants' requested relief is appropriate.

13.   To assist this Court, every District Court looking at this and similar arbitration clauses have granted this motion in one fashion or another. For example, see Exhibit "F," the Order on Report and Recommendation issued in *Alvarado, et al. v. Robo Enterprises, Inc.,* Case No.: 6:15-cv-1420-PGB-KRS, MD Fla (June 2, 2016, Doc. 62); see Exhibit "G," Order issued in *Tennant, et al. v. N. Franze Hospitality LLC, et al.,* Case No. 8:15-cv-2372-T-23EAJ, MD Fla (April 5, 2016, Doc. 37); see Exhibit "H," Order on Motion to Compel Arbitration issued in *Ormeno, et al. v. S&J Crazy Lizards Entertainment, et al.,* Case No. 15-CIV-81726-BLOOM/Valle, SD Fla (April 11, 2016, Doc. 46); and see Exhibit "I," Order issued in *Moore-Woodland, et al., v. Blue Diamond Dolls, Inc.,* Case No. 8:16-cv-00421-T-24UAM, MD Fla (May 9, 2016, Doc. 26); all of which compel Plaintiffs in similar cases to be referred to arbitration, when a similar arbitration clause has been signed and executed by the Plaintiff(s).

14.   As an additional issue, the contracts signed by the Plaintiffs also contains a Waiver of Class Action. The 2013 Club/Performer Contract, attached hereto as Exhibit "A," and located on the last page of the contract in Paragraph 8, states:

**Waiver of Class Action: Performer agrees that any claim she may make against Owner shall be in her individual capacity, and not as a class or representative action; she agrees not to consolidate any claims she may have against Owner with the claims of others. This clause shall survive termination of the contract, but is severable if the law is deemed to prohibit such waiver.**

15. The 2014 Club/Performer Contract, attached hereto as Exhibit "B and C," and located in

    Paragraph VI (7) of the contract, states:

    **Waiver of Class and Collective Action: Performer agrees that any claim she may make against Owner shall be in her individual capacity, and not as a class, collective, or representative action; she agrees not to consolidate any claims she may have against Owner with the claims of others. Owner shall be entitled to fees and costs for enforcing this term. This clause shall survive termination of the contract, but is severable if the law is deemed to prohibit such waiver.**

16. The 2015 Club/Performer Contract, attached hereto as Exhibit "D and E," and located in

    Paragraph VI (7) of the contract, states:

    **<u>WAIVER OF CLASS AND COLLECTIVE PROCEEDINGS</u>: PERFORMER AGREES THAT ANY CLAIM SHE MAY MAKE AGAINST OWNER SHALL BE IN HER INDIVIDUAL CAPACITY, AND NOT AS A CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; SHE AGREES NOT TO CONSOLIDATE ANY CLAIMS SHE MAY HAVE AGAINST OWNER WITH THE CLAIMS OF OTHERS. OWNER SHALL BE ENTITLED TO FEES AND COSTS FOR ENFORCING THIS TERM. THIS PARAGRAPH SHALL SURVIVE TERMINATION, EXPIRATION, OR CANCELLATION OF THIS CONTRACT.**

17. Additionally, pertaining to attorney's fees and costs, further scrutiny of the language of the

    most recent Club/Performer Contract, contained above in paragraph 7, and in the contract at

    Section VI, (6), states in part:

    **… THE PREVAILING PARTY TO SUCH CHALLENGE/ENFORCEMENT PROCEEDING SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEYS FEES, INCURRED IN LITIGATING SUCH ISSUES. THIS PARAGRAPH SHALL SURVIVE TERMINATION, EXPIRATION, OR CANCELLATION OF THIS CONTRACT. THE PROVISIONS OF THIS PARAGRAPH SUPERCEDE ANY PRIOR ARBITRATION AGREEMENT.**

18.  On July 13, 2016, the office of the undersigned counsel emailed and mailed a letter to counsel for the Plaintiffs, requesting the Plaintiffs to honor their agreement to arbitrate the dispute contained in the Complaint, attached hereto as Exhibit "J." A follow up email was sent again to Plaintiffs' counsel on July 20, 2016.

19.  Plaintiffs' have not responded to the request for arbitration of the dispute, as of the date and time of this filing.

20.  Plaintiffs lack any valid basis for failing to submit to arbitration either the claims in their Amended Complaint, or their challenges to the validity or enforceability of the arbitration clause.

21.  Defendants are entitled to an award of its reasonable costs and attorney fees for the bringing of the present motion.

22.  In support of this motion, the Defendants rely upon the Memorandum of Law contained herein, attachments. exhibits, the record, and filings to date, and any further support presented in a reply or in a hearing on the matter.

23.  Based on the foregoing, and the following points and authorities set forth in the following memorandum, it is respectfully requested that Defendant's Motion to Compel Arbitration and Stay or Dismiss the Proceedings, and to Stay Discovery Pending Determination of the Motion be GRANTED, and awarding the Defendants their reasonable costs and attorney fees incurred in the bringing of the present motion, in an amount to be determined by later submission by Defendants.

**MEMORANDUM OF LAW**

**I.      THE SPECIFIC AGREEMENT SIGNED BY PLAINTIFF COMPELS THIS COURT TO REFER THIS MATTER TO ARBITRATION**

As set forth above, the contract signed by Plaintiffs shows that Plaintiffs agreed to arbitrate any disputes they may have with the Club.

Given the clear and unambiguous language of Exhibits "A-E," there is an agreement to refer any "disputes" to arbitration through a clear and unambiguous arbitration provision, and also agreeing to waive all rights to participate in any class action or collective action, this Court is simply not the right forum for Plaintiffs' Fair Labor Standards Act ("FLSA"). Pursuant to the FAA, and the points and authorities set forth below, it is respectfully submitted that arbitration must be compelled in order to properly honor the full force and effect of Plaintiff's Agreement, as attached hereto.

As shown by the allegations of the Amended Complaint, the "Performer" through her conduct by fully accepting the benefits of performing under the Agreement, cannot now assail the enforceability of the Agreement on the basis of any technicality. The Agreement is fully enforceable, signed by parties with the capacity to enter a contract (See *Hogan v, Supreme Camp of American Woodman*, 146 Fla 413 (Fla. 1941)); mutual assent to a certain and definite proposition (See *Hewitt v. Price*, 222 So.2d 247 (Fla. 2nd DCA 1969)); mutuality of obligation (See *Orbit Constr. Co. v. Trail Development Corp.*, 198 So.2d 341 (Fla. 2nd DCA 1967)); and mutuality of remedy (See *Bacon v. Karr*, 139 So.2d 166 (Fla. 2nd DCA 1962)).

The Agreement contains all requisite descriptions of "terms and conditions," and the caveat that Plaintiffs had the full and unfettered right to consult their own attorney, if they had any questions about any aspect of the Agreement. Notably, as set forth below, "Only if the arbitration clause can be attacked on an independent basis can the court decide the dispute; otherwise, ***general attacks on the agreement are for the arbitrator.***" *Will-Drill Res, Inc. v. Samson Res. Co.,* 352 F.3d 211, 218 (5th Cir. 2003)(emphasis added). Any challenge to the validity of the

Agreement itself, not specifically to the arbitration clause, is the province of the arbitrator, not the court. "[W]here parties have formed an agreement which contains an arbitration clause, any attempt to dissolve that agreement by having the entire agreement declared voidable or void is for the arbitrator." *Will-Drill Res, Inc.,* 353 F.3d at 218. Finally, it is respectfully submitted that Discovery should be stayed while the Court considers the Complaint's threshold issues concerning arbitration and jurisdiction.

## II.    ARBITRATION MUST BE COMPELLED AND THIS CASE DISMISSED BECAUSE PLAINTIFF EXPRESSLY AGREED TO ARBITRATE THE CLAIMS RAISED IN THE COMPLAINT

### A.  Arbitration Agreements are Favored in Law and Must Be Enforced

Arbitration agreements are subject to the Federal Arbitration Act ("FAA"), 9 U.S.C. § I *el seq.* The Defendants move to compel arbitration under § 4 of the FAA, which provides that, when a party petitions the court to compel arbitration under a written arbitration agreement, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The FAA "leaves no place" for the court to exercise discretion. *Dean Witter- Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). The court must order the parties to arbitrate issues covered by a valid arbitration agreement. *Id.*

A court first determines whether the parties agreed to arbitrate the dispute, which in turn requires two separate determinations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."

If there is a valid agreement to arbitrate, the court then applies federal law to decide whether the parties' dispute is within the scope of that agreement. The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Grp., L.L.C. v. Bailey,* 364 F.3d 260, 263 (5th Cir. 2004) (quotations omitted); *see also EEOC v. Waffle House, Inc.,* 534, U.S. 279, 294 (2002). The duty to arbitrate is one of contract; a court cannot compel parties to arbitrate issues they have not agreed to submit. *See Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir. 1990) ("A party cannot be compelled to submit a dispute to arbitration unless there has been a contractual agreement to do so."). Under any analysis, the Agreement between Plaintiffs and Defendants shows that, as it pertains to any dispute, arising at any time between the parties, the parties contemplated and called for arbitration.

**B.     No Aspect of the Agreement Counters the Requirement that These Disputes Must Be Referred to Arbitration**

The threshold issue in any challenge to the enforceability of an arbitration clause is whether the issue is one for the court or for the arbitrator to decide. A series of Supreme Court decisions address which "gateway" challenges to arbitration courts must decide and which challenges are for the arbitrator. A challenge to the validity (rather than the existence) of the parties' contract as a whole, as opposed to a challenge to an arbitration clause contained in the contract, is for the arbitrator to decide. *See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 406 (1967) (the arbitrator, not the court, is to decide a claim that the agreement was fraudulently induced); *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440,445-46 (2006) (a challenge to an agreement containing an arbitration clause as opposed to a challenge to the arbitration clause itself, is for the arbitrator to decide). "Only if the arbitration clause can be attacked on an independent basis can the court decide the dispute; otherwise, general

attacks on the agreement are for the arbitrator." *Will-Drill Res, Inc. v. Samson Res. Co.,* 352 F.3d 211, 218 (5th Cir. 2003).

Expense is also no obstacle to finding that arbitration must be ordered. The Supreme Court has recognized that "the existence of large arbitration costs could preclude a litigant ... from effectively vindicating her federal statutory rights in the arbitral forum." *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91 (2000). A party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive "bears the burden of showing the likelihood of incurring such costs." *Id.* at 92. In *Green Tree,* the Supreme Court concluded that the plaintiff failed to meet this burden despite her assertion that "arbitration costs are high and that she did not have the resources to arbitrate." *Id.* at 91 n.6. Although the plaintiff in *Green Tree* cited the arbitration tribunal's fee schedules, as well as opinions indicating the fees in those cases, she "failed to make any factual showing that the American Arbitration Association would conduct the arbitration, or that, if it did, she would be charged the filing fee or arbitrator's fee that she identified." *Id.* Nor did she show that the party invoking arbitration would not waive the fees. The Supreme Court concluded that "[t]hese unsupported statements provide no basis on which to ascertain the actual costs and fees to which she would be subject in arbitration," and that "[n]one of this information affords a sufficient basis for concluding that [the claimant] would in fact have incurred substantial costs in the event her claim went to arbitration." *Id.*

Any such challenge would be to the validity of the Agreement itself, not specifically to the arbitration clause. "[W]here parties have formed an agreement which contains an arbitration clause, any attempt to dissolve that agreement by having the entire agreement declared voidable or void is for the arbitrator." *Will-Drill Res, Inc.,* 353 F.3d at 218. Any such argument is for the arbitrator, not the court, to decide.

### C.  All of Plaintiff's Claims, whether Pursuant to FLSA or State Law, Are Subject to Arbitration, Based on the Plain Language of the Agreement Between the Parties

Restated, this action appears to be a Class/Collective Action Complaint, filed by Plaintiffs against Defendants, asserting that Plaintiffs were an "employee" at the Club. On this basis, the Amended Complaint asserts "Recovery of Minimum Wages" All of the Plaintiffs' claims, notwithstanding this Court's lack of jurisdiction over the state law claims, are all subject to referral to arbitration, based on the plain language of the Agreement between the parties.

"When determining whether a given claim falls within the scope of an arbitration agreement, a court must 'focus on the factual allegations in the complaint rather than the legal causes of action asserted.'" *Varallo v. Elkins Park Hosp.*, 63 Fed.App. 601, 603 (3d Cir. 2003), citing *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 846 (2d Cir. 1987). "If these factual allegations 'touch matters covered by the parties' contract, then those claims must be arbitrated…" *Genesco* at 846. Further, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The Supreme Court has ruled that there is no law precluding an arbitrator from arbitrating a claim under federal law. As the Court stated in *Mitsubishi Motors v Soler Chrysler*:

> We do not agree, for we find no warrant in the Arbitration Act for implying in every contract within its ken a presumption against arbitration of statutory claims. The Act's centerpiece provision makes a written agreement to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce ... valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. ." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)

Under Florida law, in determining whether a dispute is subject to arbitration, courts consider: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Flyer Printing Co. v. Hill*, 805 So.2d 829, 831 (Fla. 2d DCA 2001). Clearly, nothing under Florida law abridges any arbitrator from deciding the issues herein.

Numerous courts faced with identical issues, i.e., exotic dancers seeking to sue the Gentlemen's Clubs at which they performed who entered into agreements with the Clubs that contained "arbitration clauses," have been found to result in referral to arbitration. In a January, 2014, decision addressing similar facts, the Northern District of Georgia dismissed an action brought by adult entertainers at Pin Ups Nightclub in Decatur, who sought "damages for violation of the minimum wage and overtime wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA)." *Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359-TWT, 2014 WL 186101, at *1 (N.D. Ga. Jan. 16, 2014), *motion for reconsideration denied*, Feb. 24, 2014 (*Stevenson*, ECF No. 99). In recent another adult entertainer, FLSA case, the court granted the defendants' motion to dismiss and compel arbitration. *Velasco v. XTC Cabaret, Inc.*, No. H-12-3295(LHR) (S.D. Tx. Nov. 6, 2012). See also *Espinosa, et al. v. Rick's Cabaret International, Inc., et al.*, Case No.: 1:13-cv-24565-UU (S.D. Fla. 2013) (*Espinosa*, ECF No. 55). Additionally, the most recent statement on this issue is contained in Exhibit "D," the Order on Report and Recommendation issued in *Alvarado, et al. v. Robo Enterprises, Inc.,* Case No.: 6:15-cv-1420-PGB-KRS, MD Fla.(June 2, 2016, Doc. 62). Clearly, other district courts, facing virtually identical factual scenarios, have granted the same type of relief as that requested herein.  These cases are resolved, by their own terms, in arbitration.

### III. PLAINTIFF EXECUTED AN AGREEMENT TO WAIVE ANY RIGHT TO PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION

As set forth in the Agreement, Plaintiffs executed Agreements which fully waived any right to participate in any class or collective action. Such provisions have been held to be fully enforceable. In *AT&T Mobility, Inc., v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011), the Supreme Court found that waiver of "class or representative proceedings" was entirely enforceable and consistent with the "liberal federal policy favoring arbitration," citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* (*supra* 460 U.S. 1, 24). The Florida Supreme Court has also adopted this exact reasoning, as set forth in *McKenzie Check Advantage of Florida, LLC, et al., v. Betts*, 112 So.3d 1176 (Fla. 2013).   On this basis alone, the Complaint is subject to dismissal.

## IV. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein "resolution of a preliminary motion may dispose of the entire action." *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar.16, 1999). *See also, Patterson v. United States Postal Service,* 901 F.2d 927 (11th Cir.1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D.Fla.1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y.2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C.1988) (setting up balancing test for stays of discovery). The *Feldman* court noted it is helpful, and often necessary, to "take a preliminary peek"

at any pending dispositive motions to see if the motions appear to be meritorious and "truly case dispositive." *Feldman,* 176 F.R.D. at 652.

In the instant action, the Defendants' Motion to Compel Arbitration has great merit and may well dispose of the case in its entirety. Granting a stay of discovery pending resolution of that dispositive motion and/or class certification would result in efficient judicial economy and potentially lower expenses for all parties concerned.

In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C.1988) *See also Hovermale v. School Board of Hillsborough County,* 128 F.R.D. 287 (M.D.Fla.1989). Here, a stay of discovery pending resolution of the instant motion is appropriate given that it not only seeks to dispose of the entire action, but goes to the Court's standing to hear claims that Plaintiffs agreed to arbitrate. Based on these factors, the requested stay is not unreasonable, and would be consistent with administration of this action in accordance with well settled precedent.

## CONCLUSION

For all the reasons set forth above, and in the incorporated Exhibits, the Court should compel arbitration and dismiss this Amended Complaint, or, in the alternative, dismiss the Amended Complaint for lack of subject matter jurisdiction, and/or stay discovery pending determination of this motion, and award the defendants costs and attorney's fees incurred in the bringing of this motion, to be determined later by submission of the Defendants.

**CERTIFICATION UNDER LOCAL RULE 3.01(g)**

In accordance with Local Rule 3.01(g), opposing counsel has been advised of the relief requested in this Motion to Compel Arbitration and Stay or Dismiss the Proceedings, to Stay Discovery Pending Determination of the Motion, and for attorney's fees and costs, and opposing counsel consents/objects to the relief requested herein.

Dated: <u>July 20, 2016</u>                         Respectfully Submitted,

/s/Luke Lirot
Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Attorney for the Defendant*
luke2@lirotlaw.com  (primary e-mail)
jimmy@lirotlaw.com  (secondary e-mail)
justin@lirotlaw.com (secondary e-mail)

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 20, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836